UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DAVID BABCOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                            ) | Case No. 1:18-cv-255 |
| ) | |
| COMMISSIONER OF                ) | Honorable Gordon J. Quist |
| SOCIAL SECURITY,              ) | |
| ) | |
| Defendant.             ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security, rejecting plaintiff's challenge to the Commissioner's calculation of his retirement benefits under Title II of the Social Security Act. On September 30, 2014, plaintiff applied for retirement insurance benefits. (ECF No. 9-2, PageID.77-78). On October 19, 2014, the Administration granted his application, but reduced his benefits under the windfall elimination provision. (*Id.* at PageID.94-96). Plaintiff requested reconsideration and the Administration upheld the initial determination. (*Id.* at PageID.87-88, 122-32).

On September 15, 2016, plaintiff received a hearing before an Administrative Law Judge (ALJ). (*Id.* at PageID.142-60). On September 28, 2016, the ALJ issued his decision upholding the Administration's calculation and holding that the claimed uniformed services exception to the windfall elimination provision did not apply. (*Id.* at PageID.48-51).

On November 7, 2017, the Appeals Council granted plaintiff's request for review. (*Id.* at PageID.137-41). On January 11, 2018, the Appeals Council issued its decision finding that plaintiff did not meet the requirements of Acquiescence Ruling 12-1; that none of the windfall elimination provision exceptions applied; and that the windfall elimination provision was correctly applied to plaintiff's retirement benefits. (*Id.* at PageID.42-44).

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. (ECF No. 1). Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I. Did the Appeals Council[1] correctly conclude that the Windfall Elimination Provision (WEP) applies to plaintiff's pension as a dual status technician?

II. Does the Plaintiff's work as a dual status technician qualify as an exception to the Windfall Elimination Provision (WEP)?

III. Did the Appeals Council's application of Acquiescence Ruling 12-1 to deny Plaintiff's exception to the WEP because he was not a resident of the Eighth Circuit violate Plaintiff's Constitutional Due Process and Equal Protection rights?

(Plf. Brief at vi, ECF No. 17, PageID.222). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial

---

[1] Because the Appeals Council granted review, I have substituted Appeals Council in each place in plaintiff's statement of errors where the ALJ is mentioned. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## The Appeals Council's Decision

The Appeals Council found that plaintiff "started receiving retirement insurance benefits for October 2014." (ECF No. 9-2, PageID.43).  He was "already receiving a pension for work that was not covered by Social Security in 2014." (*Id.*). Plaintiff did not meet the requirements of Acquiescence Ruling 12-1 because he did not live in a state covered by that ruling. (*Id.*).  None of the exceptions to the windfall elimination provisions applied. (*Id.*).  The Administration correctly applied the windfall elimination provision to plaintiff's retirement benefits. (*Id.* at PageID.43-44).

## Discussion

The "windfall elimination provision" (WEP) reduces the benefits received by certain individuals who also receive pensions for work that did not require them to pay social security taxes.  *See* 42 U.S.C. § 415(a)(7); *Petersen v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011). " 'The WEP was enacted in 1983 to eliminate the unintended benefits windfall that occurs when workers who split their career between covered employment (required to pay Social Security taxes) and non-covered employment (exempt from Social Security taxes).' " *Parker v. Colvin*, 640 F. App'x 726, 728 (10th

Cir. 2016) (quoting *Petersen*, 633 F.3d at 634); *see also Holmes v. Commissioner*, No. 96-4088, 1997 WL 570398, at *2 (6th Cir. Sept. 11, 1997) ("[T]he WEP was enacted to eliminate a windfall to individuals, such as [plaintiff], who are eligible to receive pensions based on both covered and noncovered employment, and the provision has been upheld against challenges under the Fourth and Fifth Amendments because it is rationally related to the achievement of that legitimate goal.").

1.

There are exceptions to the windfall elimination provision.  Plaintiff argues that the Commissioner committed reversible error by finding that the pension he receives for employment as a dual status technician with the Michigan National Guard did not fall within subsection 415(a)(7)(A)(III)'s exception for a "payment based wholly on service as a member of a uniformed service."  (Plf. Brief at 5-23, ECF No. 17, PageID.227-45; Reply Brief at 1-5, ECF No. 19, PageID.272-76).

A circuit split has developed on this issue, with the Eighth Circuit holding that the above-referenced WEP exception applies to dual status technicians and the Eleventh Circuit holding that it does not. *Compare Martin v. Social Security Admin., Commissioner*, 903 F.3d 1154 (11th Cir. 2018) *with Petersen v. Astrue*, 633 F.3d 633 (8th Cir. 2011).  I find the Eleventh Circuit's recent decision in *Martin* provides a more detailed and persuasive analysis of why the WEP exception does not apply.  I recommend that the *Martin* analysis be adopted by this Court.

The Eighth Circuit's analysis in *Petersen* is very brief.  It declined to accept the

Social Security Administration's interpretation of the exception because it found that the "meaning and intent of section 415(a)(7)(A) [was] clear and unambiguous."  633 F.3d at 636.  The Eighth Circuit emphasized that dual status technicians are required to maintain National Guard membership and to wear uniforms while on duty.  *Id.* at 636-37.  The Eighth Circuit stated that accepting the Administration's interpretation would require it to read a "military duty" requirement that did not appear in the statute.  *Id.* at 637-38.

In *Martin*, the Eleventh Circuit held that the exception did not apply to dual status technicians.  It rejected the Eighth Circuit's interpretation because it failed to adequately address the statutory limitation that the payment be based "wholly" on service as a member of a uniformed service.  903 F.3d at 1168.  The Eleventh Circuit observed that "Congress consistently refers to dual status technician employment as a civilian position."  *Id.* at 1165.  The Eleventh Circuit found that the critical issue was how the word "wholly" interacts with the nature of the dual status technician position.  *Id.* at 1166.  "Even the use of the title 'dual status' suggests that dual status technicians are employed not just in their capacity as members of the National Guard."  *Id.*  "By its plain meaning, 'wholly' limits the payments covered by the uniformed services exception:  even if dual status technician employment is *essentially* military, it is not subject to the uniformed services exception if it is not *wholly* military in nature."  *Id.*  The Eleventh Circuit held that, given the civilian elements and dual nature of the role of a dual status technician, and the deference owed to the Administration's interpretation, it was affirming the Commissioner's

decision finding that payments based on the plaintiff's employment as a dual status technician did not qualify for the WEP exception. *Id.* at 1168.

The District of Kansas recently considered the same circuit split. *See Kientz v. Berryhill*, No. 17-4067, 2018 WL 4538480 (D. Kan. Sept. 21, 2018). It rejected the Eighth Circuit's approach in *Petersen* and found the Eleventh Circuit's analysis in *Martin* to be more persuasive. The district court "agree[d] with the court's analysis in *Martin* that given the dual nature of the role" of a dual status technician and its "civilian elements," the employment was not "performed wholly as a member of a uniformed service." 2018 WL 4538480, at *2. The WEP applied to the claimant's retirement benefits and the uniformed services exception did not apply. *Id.*

I find that the Eleventh Circuit's decision in *Martin* provides compelling analysis of the issue before the Court, and I recommend that it be followed. I recommend that the Commissioner's decision be affirmed.

**2.**

Plaintiff argues that "application" of Acquiescence Ruling 12-1(8) violates his rights under the Due Process and Equal Protection Clauses. (Plf. Brief at 23-24, ECF No. 17, PageID.245-46; Reply Brief at 5, ECF No. 19, PageID.276).

The short answer is the Appeals Council never applied this acquiescence ruling to plaintiff's claim. It held that plaintiff did not meet the requirement of Acquiescence Ruling 12-1(8) because he did not live in a state covered by that ruling. (ECF No. 9-2, PageID.43).

Acquiescence Rulings explain how the Administration will apply a holding by

a United States Court of Appeals that is at variance with the Administration's national policies for adjudicating claims. *See Hagans v. Commissioner*, 694 F.3d 287, 301 (3d Cir. 2012). The Administration issued Acquiescence Ruling 12-1(8) in response to the Eighth Circuit's *Petersen* decision. The ruling is limited to permanent legal residents of a state within the Eighth Circuit. The Administration only applies *Petersen*'s interpretation within the Eighth Circuit, and it continues to treat dual status technicians as ineligible for the exception everywhere else. *See* Social Security Acquiescence Ruling (AR)12-1(8), 77 Fed. Reg. 51842 (Aug. 27, 2012), as corrected by 77 Fed. Reg. 54646 (Sept. 5, 2012) (reprinted at 2012 WL 3638258 and 2012 WL 3807595); *see also Cochran v. Commissioner*, No. 1:13-cv-2628, 2014 WL 6604458, at *3 (N.D. Ohio Nov. 20, 2014) (Acquiescence Ruling 12-1(8) applies "only to dual-status retirees who reside in states located within the Eighth Circuit[.]").

Acquiescence Ruling 12-1(8), in accordance with 20 C.F.R. § 404.985, only applies in the circuit that issued the holding that conflicts with the Commissioner's interpretation of the Social Security Act. Plaintiff's equal protection and due process claims based on the acquiescence ruling are without merit. *See Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 n.2 (11th Cir. 2002); *see also Habibi v. Holder*, 673 F.3d 1082, (9th Cir. 2011) ("No court has ever held that the mere existence of a circuit split on an issue of statutory interpretation violates due process or equal protection[.]"). The *Petersen* and *Martin* decisions provide a good illustration why the initial circuit to address an issue does not compel the Commissioner to accede to that determination in every other circuit.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.


Dated: December 4, 2018        /s/  Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).