UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BABCOCK,

        Plaintiff,                         Case No. 1:18-CV-255

v.                                          HON. GORDON J. QUIST

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a retiree from the Michigan National Guard, filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's final review of Plaintiff's challenge to the Commissioner's calculation of Plaintiff's retirement benefits under Title II of the Social Security Act. Plaintiff was employed from 1975 until 2009 as a National Guard dual status technician. On September 30, 2014, Plaintiff applied for retirement insurance benefits. At that time, Plaintiff was receiving a federal pension based on noncovered employment—that is, employment that was exempt from Social Security taxes. *See Martin v. Soc. Sec. Admin., Comm'r*, 903 F.3d 1154, 1156 (11th Cir. 2018). In most situations, individuals who, like Plaintiff, receive a pension from noncovered work receive a reduced monthly retirement insurance benefit pursuant to the Social Security Act's windfall elimination provision (WEP), 42 U.S.C. § 415(a)(7)(A). "[|T]he WEP was enacted to eliminate a windfall to individuals . . . who are eligible to receive pensions based on both covered and noncovered employment." *Holmes v. Comm'r*, No. 96-4088, 1997 WL 570387, at *2 (6th Cir. Sept. 11, 1997). There are a number of exceptions to the WEP, and Plaintiff claimed that

he fell within the exception for "a payment based wholly on service as a member of a uniformed service" (the "uniformed services exception"). 42 U.S.C. § 415(a)(7)(A)(III).

At the time Plaintiff applied for retirement benefits, only the Eighth Circuit had addressed whether the uniformed services exception applies to dual status technicians such as Plaintiff. In *Peterson v. Astrue*, 633 F.3d 633 (8th Cir. 2011), the court found the meaning of the uniformed services exception "clear and unambiguous" and concluded that a National Guard dual status technician is covered by the uniformed services exception. The court reached this decision notwithstanding that under the National Guard Technician Act, Pub. L. No. 90-486, § 2(1), 82 Stat. 755, 755–56, codified as 32 U.S.C. § 709, a dual status technician is defined as a "Federal civilian employee" who "is assigned to a civilian position as a technician in the organizing, administering, instructing, or training of the Selected Reserve or in the maintenance and repair of supplies or equipment issued to the Selected Reserve or the armed forces." 10 U.S.C. § 10216(a)(1)(C). The court reasoned that because a dual status technician must maintain his or her membership in the National Guard and the military grade for his or her position and is required by statute to wear the grade-appropriate uniform while on duty, a dual status technician performs work "as a member of a uniformed service." *Id.* at 637.

Following *Peterson*, the Social Security Administration (SSA) issued Acquiescence Ruling 12-1(8) (AR 12-1(8)), 77 Fed. Reg. 51842-01 (Aug. 27, 2012), correction published 77 Fed. Reg. 54646-01 (Sept. 5, 2012), effective August 27, 2012. AR 12-1(8) explains that the SSA will apply *Peterson* only to eligible Social Security old-age or disability applicants (dual status technicians) who are permanent residents of a State within the Eighth Circuit. AR 12-1(8) further explains that for all applicants outside of the Eighth Circuit, the SSA will adhere to its policy that the WEP applies to persons who were employed in a noncovered civilian capacity as a National Guard dual status technician.

On September 7, 2018, after Plaintiff filed his complaint in this case, the Eleventh Circuit issued its decision in *Martin v. Social Security Administration, Commissioner*, 903 F.3d 1154 (11th Cir. 2018), which disagreed with *Peterson* and held that National Guard dual status technicians are not covered by the uniformed services exception. The court, focusing on the word "wholly" in the exception, found the SSA's interpretation most persuasive:

> The critical issue is . . . how the word "wholly" interacts with the nature of the dual status technician position. By its plain meaning, "wholly" limits the payments covered by the uniformed services exception: even if dual status technician is *essentially* military, it is not subject to the uniformed services exception if it is not *wholly* military in nature. Accounting for all of the features of the dual status technician role, we find it difficult to conclude that a dual status technician wholly performs that role as a member of the National Guard.

*Id.* at 1166. Among other things, the court observed that dual status technicians perform much of their work as federal civilian employees. *Id.* a 1165.

On December 4, 2018, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) recommending that the Court affirm the Commissioner's decision applying the WEP to Plaintiff's retirement benefits. (ECF No. 20.) The magistrate judge noted the different outcomes in *Peterson* and *Martin*, found that "*Martin* provides a more detailed and persuasive analysis of why the WEP exception does not apply," and recommended that this Court adopt the *Martin* analysis. (*Id.* at PageID.281.) In addition, the magistrate judge recommended that the Court reject Plaintiff's argument that application of AR 12-1(8) violates Plaintiff's due process and equal protection rights. (*Id.* at PageID.283–84.)

Plaintiff has filed Objections to the R & R (ECF No. 21), and the Commissioner has filed a response. (ECF No. 22.) Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

3

conducting a de novo review of the R & R, Plaintiff's Objections, the Commissioner's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the Commissioner's decision affirmed.

First, as to whether Plaintiff falls within the uniformed services exception to the WEP, the Court has reviewed *Peterson* and *Martin* and concurs with the magistrate judge that *Martin*'s analysis—particularly its focus on the word "wholly" as requiring that all of the claimant's employment must have been military in nature—is not only more persuasive than the *Peterson* court's analysis, but at bottom is based on the correct application of the language of the exception. At least two other district courts have likewise found *Martin* more persuasive than *Peterson*. *See Newton v. Comm'r of Soc. Sec.*, No. 18-751(RMB), 2019 WL 1417248, at *4 (D. N.J. Mar. 29, 2019) ("This Court agrees with the reasoning of the Eleventh Circuit [in *Martin*]."); *Kientz v. Berryhill*, No. 17-4067-SAC, 2018 WL 4538480, at *2 (D. Kan. Sept. 21, 2018) (adopting the opinion and analysis in *Martin*). Accordingly, the Commissioner properly applied the WEP.

With regard to Plaintiff's constitutional claims, the Court concurs with the magistrate judge that they lack merit. As the magistrate judge correctly observed, the Commissioner did not apply AR 12-1(8) to Plaintiff. (ECF No. 9-2 at PageID.42.) Plaintiff fails to cite any case that supports such a claim. While it is true that a circuit split did not exist at the time Plaintiff filed his complaint in this case, the SSA was not precluded from taking a different position outside of the Eighth Circuit. *See Roberts v. Holder*, 745 F.3d 928, 933–34 (8th Cir. 2014) ("Disagreements among the courts of appeal, or between an agency and one or more of the courts of appeal, will not by itself create an equal protection violation."). In short, the magistrate judge's observation that "[t]he *Peterson* and *Martin* decisions provide a good illustration why the initial circuit to address an issue

4

does not compel the Commissioner to accede to that determination in every other circuit," was entirely apt. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 4, 2018 (ECF No. 20) is **APPROVED AND ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 21) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**. A separate judgment will issue.

This case is **concluded**.

Dated: May 22, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE